08-5809-ag
Zheng v. Holder

BIA
A 077 925 186

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

PRESENT:

PETER W. HALL,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.

_____

YAN HUI ZHENG,
    *Petitioner*,

    v.                       08-5809-ag
                                          NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Michael Brown, New York, New York.

FOR RESPONDENT:      Michael F. Hertz, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Margaret

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

A. O'Donnell, Trial Attorney, Office
of Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yan Hui Zheng, a native and citizen of the People's Republic of China, seeks review of a November 5, 2008, order of the BIA denying her motion to reopen. *In re Yan Hui Zheng*, No. A 077 925 186 (B.I.A. Nov. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Zheng's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Zheng's motion was indisputably untimely, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that the birth of Zheng's two U.S. citizen children, as well as her practice of Falun Gong in the United States, constituted a change in her personal circumstances rather than a change in country conditions sufficient to excuse the untimely filing of her motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Furthermore, contrary to Zheng's argument, the BIA did not place excessive reliance on the 2007 State Department Country Report on China because it also considered and rejected her "contrary" and "countervailing" evidence. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004). The BIA reasonably declined to credit that unauthenticated evidence based on the Immigration Judge's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk